UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NEIMAN NIX,

    Plaintiff,

v.

KYLE BODDY, *et al.*,

    Defendants.

NO. C18–992RSL

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on "Defendants' Summary Judgment Motion." Dkt. # 64. Plaintiff alleges that defendant Kyle Boddy, the owner of defendant Driveline Baseball Enterprises, attended plaintiff's baseball training camp in 2008 and stole plaintiff's innovative pitching form/theory and the training system he had developed to teach it to college and professional players. Plaintiff asserts claims of copyright infringement, false advertising, misappropriation of trade secrets, fraud, deceptive and unfair trade practices, unjust enrichment, and conversion against Boddy and his company. Defendants seek dismissal of plaintiff's "trade secret (and other) claims with prejudice" under Fed. R. Civ. P. 56. Dkt. # 64 at 1.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial

ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 1

responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Colony Cove Props., LLC v. City of Carson, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. Singh v. Am. Honda Fin. Corp., 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

## BACKGROUND

Plaintiff's career as a professional pitcher was cut short by injury, and he spent years developing a method of pitching that would avoid injury while increasing velocity and accuracy,

ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 2

along with the drill, training routines, and exercises that would enable pitchers to learn his method. Id. at 32-33. Plaintiff calls his invention "the Nix method" and describes it as a way to isolate parts of the pitching motion so that athletes could "learn how to drive the hand in a straight line at the precise moment of pronation to release a pitch, . . . to develop each and every single action of a pitch, which is the most important part of the pitch, to stay healthy . . . ." Dkt. # 68-1 at 33-34. Plaintiff used common items, such as wrist weights, weighted balls, and high speed cameras, in very specific ways to achieve precise body movements[1] that would not only improve pitching, but safeguard the pitcher's arm. Id. at 7 and 32. According to plaintiff, no one else was utilizing his pitching or teaching methods when he started his training camps in 2006. Id. at 35-36. He realized that he had hit on something of value and needed to protect the methodology as a trade secret. Id. at 34.

      Defendant Boddy began training baseball players, including pitchers, in 2007. Dkt. # 65 at ¶ 2. The following year, he and his business partner attended one of plaintiff's training camps. Id. at ¶ 3. Defendant Boddy contends that he attended the camp to improve his pitching skills for personal use and took nothing from plaintiff's camp for use in his business. Plaintiff, however, points to videos and photos from defendants' social media profiles showing that defendants have copied his evaluative, training, and diagnostic techniques. Plaintiff asserts that defendant Boddy signed and breached an agreement not to share the specialty training methods he learned. Dkt. # 68-1 at 19.

---

[1] "Pronation" means "rotation of the hand and forearm so that the palm faces backwards or downwards." Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/pronation (last viewed Nov. 9, 2019).

ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 3

## DISCUSSION

**A. Trade Secrets**

Under Washington law:

> "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

RCW 19.108.010(4). Defendants argue that plaintiff's trade secret claim fails as a matter of law because "the Nix method" is too vague to qualify as protectable under the statute, there is no evidence that defendants used anything they learned from plaintiff, and plaintiff failed to take reasonable steps to protect the alleged trade secrets. Each argument is discussed below:

(1) Protectable Trade Secret

A plaintiff asserting a misappropriation of trade secret claim bears the burden of proving "that legally protectable secrets exist." Boeing Co. v. Sierracin Corp., 108 Wn.2d 38, 50 (1987). Plaintiff asserts that he has developed a novel method for training pitchers which focuses on incremental body mechanics and movements so that the pitcher can stay healthy while improving velocity and control. The method admittedly incorporates existing equipment and drills,[2] but plaintiff uses them, in conjunction with exercises and training he developed, in novel ways to achieve the stated goals. Plaintiff has stated that these methods were not in use before he developed them.

---

[2] Trade secrets "frequently contain elements that by themselves may be in the public domain but together qualify as trade secrets." Boeing, 108 Wn.2d at 50.

ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 4

Defendants demand more specificity, but spent much of plaintiff's deposition pointing out what plaintiff's method has in common with other training techniques, insisting that plaintiff describe his drills and exercises in words, not through demonstrations, and cutting off his attempts to describe and explain his contribution to what was commonly known. When given the opportunity, however, plaintiff was able to elaborate on the novel aspects of the training he created. For example, when defendants equated a maneuver plaintiff showed them to a "One-Step Crow Hop Shakedown" exercise, plaintiff demurred, pointing out that while he used wrist weights in a throwing motion like the standard crow hop, he instructed his players to take a running start - "20, 30, 40 feet like an Olympic sprinter" - and pronate the release. Dkt. # 68-1 at 38. Plaintiff has stated that no one else was doing this particular drill at the time he invented it, but that defendant Boddy copied it and has posted videos of it being used at his training facility. Id. See also Dkt. # 68-1 at 90 and 115 (use of wrist weights to train pitchers); 92-93 and 118-19 (upper body exercises with weighted balls thrown at angles and into a rebound-type wall); 99-100 (use of high speed camera and an image tracking machine to evaluate pronation); 122-23 (series of exercises using wrist weights and weighted balls to teach pitchers how to load the arm into the "perfect prime position to drive the arm in a straight line). Plaintiff has also generated four videos containing drills he contends are proprietary and more generally claims as a trade secret a "method of pitching" that focuses on the motions of joints and body - "each and every single action of the pitch" "to apply force to a baseball" and "drive the hand in a straight line at the precise moment of pronation to release a pitch." Dkt. # 68-1 at 126-27. Defendants have simply ignored this testimony to argue that plaintiff has not identified what he deems protectable.

"[T]he determination in a given case whether specific information is a trade secret is a factual question." Ed Nowogroski Ins., Inc. v. Rucker, 137 Wn.2d 427, 436 (1999). Defendants dismiss "the Nix method" as minor, incremental changes to known drills and training techniques that were obvious or readily ascertainable. Plaintiff maintains that he developed a novel theory of pitching focused on safeguarding the pitcher's arm which required adjustments to previous drills and techniques that had not previously been made along with the development of new exercises to accomplish the dual goals of pitcher health and pitching prowess. The Court finds that defendants are not entitled to summary judgment on the issue of the existence of a trade secret because a reasonable jury could find that the method plaintiff taught was not readily ascertainable. See Ultimate Timing, LLC v. Simms, 715 F. Supp. 2d 1195, 1205-06 (W.D. Wash. 2010).

(2) Evidence of Misappropriation

Defendants assert that there is no evidence that they used any training exercise that was developed by plaintiff. It is undisputed that defendant Boddy attended plaintiff's training camp in 2008. Plaintiff states that he has seen videos, training materials, and social media posts created by defendants showing their customers performing plaintiff's basic foundational drills and techniques - the same drills and techniques Boddy would have been exposed to in his three or four days under plaintiff's tutelage. The record contains sufficient evidence from which a reasonable jury could conclude that Boddy put what he learned regarding plaintiff's methodology for training pitchers into use at defendant Driveline's training facility.

(3) Reasonable Efforts to Maintain Secrecy

"To preserve trade secret protection, an owner must make reasonable efforts under the

ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 6

circumstances to maintain secrecy. RCW 19.18.010(f). Whether an owners's precautions are reasonable is generally a question of fact." Ultimate Timing, 715 F. Supp. 2d at 1206. Defendants argue that, by training hundreds of ball players who then utilized the throwing motion plaintiff taught them in public, plaintiff failed to take reasonable steps to safeguard his methodology. Defendants acknowledge that plaintiff had his customers sign non-disclosure agreements in an effort to protect his trade secrets, but assert that the form was used inconsistently and, therefore, that plaintiff did not make a reasonable effort to maintain secrecy.

The fact that plaintiff realized the economic value of his trade secret by disclosing his pitching methodology to paying customers does not necessarily invalidate the trade secret. The customers were, according to plaintiff, required to sign a non-disclosure agreement promising not to share what they learned with anyone else for any reason. Dkt. # 68-2. Plaintiff states that defendant Boddy signed the agreement. Dkt. # 68-1 at 19. Although Boddy disputes that fact, whether plaintiff's efforts were reasonable cannot be determined as a matter of law on the existing record.

**B. Other Claims**

Despite moving to dismiss all of plaintiff's claims, defendants raised arguments only as to Count III, the misappropriate of trade secrets claim. The Court declines to sua sponte evaluate the merits of plaintiff's other six claims.

//

//

ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 7

## CONCLUSION

For all of the foregoing reasons, defendants' motion for partial summary judgment is DENIED.

DATED this 19th day of November, 2019.

*Robert S. Lasnik (signature)*
Robert S. Lasnik
United States District Judge